## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          Case No.: 8:19-cr-116-WFJ-AEP

CHRISTIAN RIVERA GOMEZ

_____/

### <u>ORDER DENYING SENTENCE REDUCTION</u>

Citing Amendment 821 to the United States Sentencing Guidelines,

Christian Rivera Gomez, USM#: 71972-018, moves (Dkt. 119) unopposed for a

reduction in sentence.  Amendment 821, Part B, amends Section 4C1.1, United

States Sentencing Guidelines, to permit a two-level decrease to a defendant's

offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the

absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence

might warrant a retroactive reduction if the advisory sentencing range on which the

defendant's sentence was based "has subsequently been lowered by the Sentencing

Commission . . . [and] if such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission."  Under 28 U.S.C. § 994(u), if

the Sentencing Commission lowers the advisory sentencing range for a "particular

offense or category of offense," the Sentencing Commission must "specify in what

circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On March 16, 2020, Christian Rivera Gomez was sentenced under 21 U.S.C. §§ 841(b)(1)(A) and 846 to 78 months. Christian Rivera Gomez's total offense level was 27. He was assessed no criminal history points, and his criminal history was category I. Mr. Gomez's advisory sentencing range was 70–87 months, and he received a sentence in the middle of the advisory range based on the safety valve. The Bureau of Prisons reports that his projected release is November 8, 2024.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is

eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that Christian Rivera Gomez is eligible for a sentence reduction and reporting that a two-level decrease based on Amendment 821 reduces the offense level to 25 and reduces his advisory sentencing range to 57–71.  The Federal Defender appears, confirms Christian Rivera Gomez's eligibility for a reduction, and moves unopposed to reduce his sentence to 57 months (a 21-month reduction in sentence).

The Court exercises its discretion to deny such a reduction.  The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a).  First, the Court notes that Movant's release date is three weeks away.  Second, the Court finds that this was a large domestic trafficking ring in which Movant was a source. The nature of the offense and need to avoid unwarranted disparities require the motion be denied.

Mr. Christian Rivera Gomez's motion (Dkt. 119) for a reduction in sentence is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on October 21, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

3